IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARCUS ANTONIO FRIERSON, | ) | C/A No. 4:09-776-DCN-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN, LEE CORRECTIONAL INSTITUTION, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner, Marcus Antonio Frierson, ("Petitioner/Frierson) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 26, 2009. Respondent filed a motion for summary judgment on September 11, 2009, along with a return and supporting memorandum. The undersigned issued an order filed September 14, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on September 21, 2009. Petitioner also filed a motion for summary judgment on October 1, 2009.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

seriously disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined in the Perry Correctional Institution, of the South Carolina Department of Corrections (SCDC), pursuant to orders of commitment of the Clerk of Court for Sumter County. Petitioner was indicted with several other defendants by the Sumter County Grand Jury in indictment 96-GS-43-1213 for kidnapping (2 Counts), burglary in the first degree, armed robbery, attempted murder, assault and battery with intent to kill, possession of a weapon during a violent crime, assault and battery of a high and aggravated nature, grand larceny of a vehicle, and criminal conspiracy. Petitioner was represented by Michael Jordan, Esquire.

**The Guilty Plea**

Petitioner appeared before the Honorable Edward B. Cottingham, Circuit Court Judge, at Sumter on February 23-27 and March 2, 1998. After the trial began (the <u>Jackson v. Denno</u> hearing was completed), Petitioner entered guilty pleas to two counts of kidnapping, burglary first degree, armed robbery, assault and battery with intent to kill, possession of a weapon during a violent crime, aggravated assault and battery, grand larceny of a vehicle, and criminal conspiracy. In return for this plea and an agreement to testify truthfully, the State agreed to drop the attempted murder charge and recommend a sentence of twenty-five (25) years. Petitioner was sentenced by Judge Cottingham to five (5) years concurrent on each of the two kidnapping charges, twenty-five (25) years concurrent for burglary first, twenty-five (25) years concurrent for armed robbery, twenty (20) years concurrent for assault and battery with intent to kill, five (5) years concurrent for the deadly weapon charge, ten (10)years concurrent for aggravated assault and batter, ten (10) years concurrent for grand larceny,

and five (5) years concurrent for criminal conspiracy.

**The Direct Appeal**

Petitioner initially appealed his guilty pleas and sentences to the South Carolina Supreme Court. The case was transferred to the South Carolina Court of Appeals by Order of the South Carolina Supreme Court. Petitioner appealed his guilty plea by way of an <u>Anders</u> brief to the South Carolina Court of Appeals. Petitioner was represented in his direct appeal by Daniel T. Stacy, Chief Attorney for the South Carolina Office of Appellate Defense. Stacy certified to the Court of Appeals that the appeal was without merit and had one arguable issue of legal merit. Petitioner filed a pro se response to the Anders brief. On October 28, 1999, the South Carolina Court of Appeals dismissed the appeal. The Remittitur was issued on November 15, 1999. Petitioner did not appeal the Court of Appeals decision to the South Carolina Supreme Court.

**The PCR Action**

Petitioner filed a post-conviction relief application on September 12, 2000. Respondent made its Return on July 18, 2001. An evidentiary hearing into the matter was convened on November 12, 2002, at the Sumter County Courthouse before the Honorable Clifton Newman, Circuit Court Judge ("the PCR Court"). Petitioner was present at the hearing and represented by Lohman Reiter, Esquire. Respondent was represented by Bryan Dukes of the South Carolina Attorney General's Office. On May 28, 2003, Judge Newman issued an Order denying and dismissing the application for post-conviction relief.

**The Order Denying Post-Conviction Relief**

In its Order of Dismissal, the PCR Court noted that Petitioner alleged ineffective assistance of counsel and involuntary guilty plea in his application. The Court also noted that it had before it a copy of the transcript of the proceedings against Petitioner, the records of the Sumter County Clerk of Court, and Petitioner's records from the South Carolina Department of Corrections.[2] The PCR Court found that Petitioner had not established any constitutional violations or deprivations that would require the Court to grant his application. Therefore, the application for post-conviction relief was denied and dismissed with prejudice. It was therefore ordered that: (1) the application for PCR was denied and dismissed with prejudice; (2) Petitioner was remanded to the custody of Respondent for completion of his sentence.

**The Appeal from the Order of Dismissal**

Petitioner appealed from the PCR Court's Order dismissing his PCR application with prejudice. Petitioner appealed to the South Carolina Supreme Court by way of a Petition for Writ of Certiorari. Petitioner was represented in the appeal by Robert Dudek, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. The Petition for Writ of Certiorari raised two issues: (1) "Should petitioner's case be remanded for fact-findings where his trial attorney testified at PCR that he appealed petitioner's guilty plea to challenge the trial judge's ruling that petitioner's statement was freely and voluntarily given, since this showed trial counsel erroneously thought

---

[2] The Order of Dismissal indicates that Petitioner was present at the PCR and that he testified on his behalf. However, a review of the PCR hearing transcript reveals that Petitioner was present at the hearing but did not testify on his own behalf as asserted by Petitioner in his response in opposition to the motion for summary judgment.

conditional pleas were valid in this state, and that he had preserved a suppression issue for direct appeal?"; (2) "Should petitioner's case be remanded for another hearing to determine whether he voluntarily waived his right to testify where petitioner was not informed of his right to testify during the PCR hearing?" (See Petition for Certiorari, p. 2). The State filed a Return to the Petition for Certiorari. The Petition for Writ of Certiorari was denied by letter Order by the South Carolina Supreme Court on March 2, 2005. The Remittitur was issued on March 18, 2005.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

**GROUND ONE:** Newly discovered evidence

**SUPPORTING FACTS:** I'm just now finding out that I could go to the Federal Court 3-4-2009 by Judge Thomas E. Rogers, III. When I submitted a 42 U.S.C. Section 1983 dealing with the wrongful conviction. I wasn't smart to know I had Federal Constitutional rights to know that not only the Detective but the judge as well violated them. Fundamental Error and Prosecutorial Misconduct is a new ground.

**GROUND TWO**: Prosecutorial Misconduct

**SUPPORTING FACTS**: My attorney Mr. L. Reiter stated in PCR transcript that it is evidence throughout this transcript where the judge would jump all over the Public Defender without allowing him to get his question out, which is bias, vindictive as well. When my attorney would question the Detective, the judge would answer for him and threaten the Public Defender and will make harassing comments when cross-examining.

**GROUND THREE:** Fundamental Error, Warrantless Arrest, Lengthy Questioning.

|  **SUPPORTING FACTS**: | My co-defendant [lawyer] Authur Wilder, became the head Solicitor of Sumter County while case was going on, which gave them upper hand which violates my rights of equal protection. Detective never had a warrant when he came to arrest me, which they use Deception to get into my home. The lie stating they had a warrant from Judge Tindal, however warrant said in transcript Marshall Upshaw and different date. They had me question over 10 ½ hours. |
|---|---|
| **GROUND FOUR**: | Obstruction of justice, Due Process of Law, and using bogus warrant to get into my house. |
| **SUPPORTING FACTS:** | In transcript as well PCR Record that Detective J.K. Gallimore stated that he did use a Bogus Warrant to enter home, also that he had me in questioning for over 10 ½ hours and feed me a Whooper Jr. meal to give him a statement, which I never wrote a statement the Detective wrote it himself and told me to sign it telling me the forms was release forms. |

(Petition).

## III. SUMMARY JUDGMENT

On September 11, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services,

6

901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Frierson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

### V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely.

Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. (Respondent's Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty and filed a direct appeal which the South Carolina Court of Appeals denied on October 28, 1999. The conviction became final when the Remittitur was entered on November 15, 1999. Petitioner filed his PCR application on September 12, 2000. Therefore, three hundred and two (302) days of non-tolled time passed between the conclusion of direct review and the filing of the PCR application. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. The South Carolina Supreme Court denied Certiorari on March 2, 2005, by letter Order and issued the Remittitur on March 18, 2005. Petitioner only had sixty-three (63) days left to file his habeas petition. Petitioner filed this habeas petition on March 26, 2009, with a Houston v. Lack, supra, delivery date of March 24, 2009.[4] However, even using the date of March 24, 2009, the time is clearly outside the limitations period.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris'

---

[4] Date stamped as received by the Lee Correctional Institution.

> application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Petitioner has not presented any evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' "

> *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Based on the fact that Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the petition is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #29) be GRANTED, and the petition be dismissed without an evidentiary hearing.

IT IS FURTHER RECOMMENDED that Petitioner's motion for summary judgment (Doc.#34) be DENIED.

|  | Respectfully Submitted, |
|---|---|
|  | s/Thomas E. Rogers, III |
| October 21, 2009 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**The parties' attention is directed to the important notice on the next page.**